In the Matter of John ELIA and Bette Elia, his wife, Debtors.

**SECURITY PEOPLES TRUST COMPANY, Plaintiff,**

v.

**John ELIA and Bette Elia, his wife, and Warren W. Bentz, Esq., Trustee, Defendants.**

**Bankruptcy No. 81–00433. Adv. No. 81–0439.**

United States Bankruptcy Court, W. D. Pennsylvania.

Feb. 8, 1982.

Gary V. Skiba and Colussi, Yochim, Skiba & Vogel, Erie, Pa., for plaintiff.

Daniel J. Brabender, Jr., Erie, Pa., for debtors.

Warren W. Bentz and Bentz & Chestek, Erie, Pa., trustee.

## MEMORANDUM ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The Security Peoples Trust Company loaned the debtors $2,094.56 with which to purchase two hospital beds from an appliance dealer under a security agreement which described the collateral as "all goods purchased under this account". No financing statement was filed or obtained by the bank and the question is whether its lien was perfected against the trustee in bankruptcy and the debtors' exemption rights under the foregoing circumstances.

That the lien constituted a purchase money security interest appears from the fact that the bank acquired the security agreement from the dealer through assignment. Section 9302 of the Pa. Commercial Code, 13 Pa.C.S.A. 9302 provides that it is not necessary to file a financing statement to perfect the lien of a purchase money security interest in consumer goods, and inasmuch as the debtors purchased the hospital beds for their own personal use, they qualify as consumer goods exempt from the filing requirement of such financing statement. While the description of goods as those purchased under account would be woefully insufficient in a financing statement required to put third persons on notice of the property or types of property constituting the subject matter of a lien under the decisions in the *Matter of H. L. Bennett Company, Bankrupt*, 588 F.2d 389 (3rd Cir. 1978) and *The First National Bank of Pennsylvania, et al. v. Phillip J. Toppo, et al., Bankrupts*, 474 F.Supp. 48, 51 (D.C.W.D. Pa.1979) (Honorable W. Knox, J., deceased), it is our opinion that they are adequate in a security agreement in a case involving consumer goods in which the filing of a financing statement is not required: *In re Thibodean* (Main 1979) 6 UCC Reporting Service 873 holding that the description of collateral required in a financing statement under Section 9402 of the Code must be more precise than in a security agreement under Section 9203 in which the collateral is required to be only reasonably identified to apprise the parties to the transaction thereof and that terminology almost identical to that in the instant agreement was sufficient in such a case.

The account being in default, the debtors being admittedly unable to cure the same and no cause to the contrary being shown by said debtors or the trustee, IT IS ORDERED for the foregoing reasons that the automatic stay provided by Section 362 of the Bankruptcy Code of 1978 be, and the same hereby is, vacated and terminated, and that the plaintiff, Security Peoples Trust Company, is permitted to proceed with repossession of and/or foreclosure proceedings against the subject hospital beds under its purchase money lien.